959 F.2d 234
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jack A. HONSE, Plaintiff-Appellant,
v.
DAVOL, INC., Defendant-Appellee.
 No. 91-3810.
 United States Court of Appeals, Sixth Circuit.
 April 2, 1992.
 
 Before BOYCE F. MARTIN, Jr., Circuit Judge; LIVELY and BAILEY BROWN, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 Jack Honse filed an action against Davol, Inc., seeking compensatory damages alleging that Davol had defectively designed and manufactured a catheter that was inserted into his chest cavity during chemotherapy treatment. Part of the catheter broke away and lodged in Honse's heart. After Honse complained of chest pains, doctors discovered and removed the catheter piece. Honse's complaint consisted of three causes of action: (1) defective design and/or manufacture of the catheter; (2) breach of implied warranty of merchantable quality and fitness for intended use; and (3) failure to provide adequate warnings about the potential risk that the catheter tube would break and cause injury.
 
 
 2
 In preparation for trial, the district court ordered Honse to produce written reports from any experts that Honse intended to call during trial concerning the catheter's alleged defective design and manufacture. Honse submitted a report by Richard Harkness, a mechanical engineer. After mentioning his qualifications, Harkness' affidavit stated:
 
 
 3
 [B]ased upon a review of the material, and after a personal inspection and analysis of the catheter at issue, it is my professional opinion that the catheter, which was inserted into Mr. Honse, broke because it was defectively designed and/or because defective materials were used in the catheter's manufacture which proximately caused the catheter to break inside Mr. Honse's body.
 
 
 4
 Davol moved for summary judgment arguing that the expert testimony failed to establish a prima-facie case of product liability against Davol. The district court granted summary judgment to Davol on the defective design and manufacture cause of action, finding that Harkness' affidavit provided absolutely no information about the basis of the plaintiff's claim. The court found that Honse, as the non-moving party, had failed to make a "sufficient showing on an essential element of his case" on which Honse had the burden of proof. The court also granted summary judgment to Davol on the breach of implied warranty claim, finding that the proof for the first and second causes was largely the same. Davol did not challenge the failure to warn cause of action. The district court, therefore, found that the failure to warn cause of action survived Davol's summary judgment motion; however, Honse voluntarily dismissed this claim.
 
 
 5
 Upon review of the record, we find the district court properly applied the standards for summary judgment. The door to the federal court house indeed swings wide to allow litigants to air their claims. There are, however, minimum requirements that parties must meet in order to pass through this doorway, including establishing a prima-facie case with some evidentiary support for a claim beyond mere allegations. By submitting a conclusory and insubstantial affidavit, Mr. Honse has failed to meet the minimum requirements. We adopt the opinion of the district court and the findings contained therein.
 
 
 6
 For the foregoing reasons, we affirm the judgment of the district court.